## HYDE ET AL. *vs.* GOODRICH.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF
NEW-ORLEANS.

Where lessors received rent at a higher rate, after the annulment of the
lease, they cannot be made to refund the difference, when it is not shown
that the lessees did not consent to pay the higher rate by a new lease.

This is a proceeding against the surety in an appeal bond.
The defendant became surety in an appeal for Palmer &
Southmayd, at the suit of the present plaintiffs against them,
for the annulment of a lease, and recovery of the rent due
thereon.

The plaintiffs, in that suit, had judgment against Palmer
& Southmayd, annulling the lease, and for possession of the

premises the 15th November, 1837, and also for one hundred and fifty dollars rent per month from the 1st March, 1836, to the time of possession. This judgment was affirmed, on appeal.

The plaintiffs took a rule on Goodrich, the surety, in the appeal bond, to show cause why he should not pay the amount of said judgment.

In his answer to the rule, he denied his liability, and set up a claim, in compensation and reconvention, for eight hundred and sixteen dollars, which he averred was due by the plaintiffs to Palmer & Southmayd, being the difference of rent of the premises between one thousand eight hundred dollars and three thousand two hundred dollars per annum, from the 15th November, 1837, to 15th June, 1838, say seven months, making this surplus over one hundred and fifty dollars per month, and which the plaintiffs had received since the judgment. There was no evidence of this demand produced, except an account annexed. The plaintiffs admitted they took possession of the leased premises on the 15th November, 1837. There was judgment against the defendant on the rule, and he appealed.

*I. W. Smith,* for the appellant.

The surety has the same right as the original defendants to set up the defence here taken to the proceedings had against him on the bond. The defence relates purely to the debt. *Louisiana Code,* 3029.

The matters of fact here pleaded, did not exist at the rendition of the judgment. They were connected with the peculiar nature of the judgment, which was not for a sum certain, but for a monthly sum, to continue accumulating after the judgment, until an event, which could only be established by evidence *aliunde.* In such a case, the Code of Practice does not prohibit matters subsequent to the rendition, and closely connected with the judgment, from being pleaded in reconvention. *Code of Practice,* 375.

*Micou,* contra.

*Bullard, J.*, delivered the opinion of the court.

The plaintiffs having recovered a judgment against Palmer & Southmayd, annulling a lease, and for one hundred and fifty dollars per month rent from the 1st day of March, 1836, until possession should be delivered, in pursuance of such judgment, the latter appealed, and gave Goodrich, the present appellant, as surety on the appeal bond ; and the judgment having been affirmed in this court, a *fi. fa.* issued, upon which, there being a return of *nulla bona,* the plaintiffs 'took a rule upon the surety, to show cause why he should not be condemned to pay the amount of the judgment.

The appellant, Goodrich, in answer to the rule, sets up in reconvention, or compensation, a sum of about eight hundred dollars, being the difference of rent for the tenement between eighteen hundred dollars and three thousand two hundred dollars per annum, from November 15, 1837, until June 15, 1838, due to Palmer & Southmayd, and received by the plaintiffs since the judgment.

Without considering how far the surety may plead a matter of this kind, we will remark, that the charge of additional rent received by the lessors, pre-supposes that they were in possession when the new lease was made, under which they received a higher rent, and that would imply the consent of the former lessees, to wit, Palmer & Southmayd. The date from which the additional rent, said to have been received by the lessors, is charged, corresponds with that at which the premises are admitted by the plaintiffs to have been surrendered. No agreement is shown, on the part of the plaintiffs, to account to the defendants for a higher rate of rent, and we are left to the presumptions arising from the circumstances of the case. It seems to us more probable, that the lessees, whose lease had been annulled, should have surrendered the property unconditionally, than that the owners should come under any agreement to account to Palmer & Southmayd for any excess of rent over one hundred and fifty dollars per month. If it had been rented for a less sum, would the loss have fallen on the former lessees ? There is nothing in

the record to show that such was the understanding of the parties.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.